```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Robin Marie Coss,                   :

      Plaintiff,             :

   v.                              :       Case No. 2:15-cv-2222
                                         :       JUDGE JAMES L. GRAHAM
Commissioner of Social Security,        Magistrate Judge Kemp
                                         :
      Defendant.

## REPORT AND RECOMMENDATION

    In an order filed on July 7, 2015, this case was remanded to the Commissioner pursuant to 42 U.S.C. §405(g), sentence four. On August 4, 2015, Plaintiff filed a motion for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. §2412. Despite the passage of time for filing a responsive memorandum, the Commissioner has not responded.

    It is the Commissioner's burden, in response to a motion for fees under the EAJA, to demonstrate that the Commissioner's litigation position was substantially justified. See Miller v. United States, 831 F. Supp. 1347, 1351 (M.D. Tenn. 1993) ("The burden lies with the government to demonstrate that its position was substantially justified ...."); Weber v. Weinberger, 651 F.Supp. 1379, 1388 (E.D. Mich. 1987) ("with respect to an application for attorney's fees the Government has the burden of showing that its position was substantially justified"). In the absence of an opposing memorandum, the Commissioner cannot satisfy that burden. See, e.g., Libas, Ltd. v. United States, 314 F.3d 1362, 1366 (Fed. Cir. 2003)("when the government fails to advance any reasoning showing its position was substantially justified, the court ... may grant the motion by relying on the government's failure to timely submit any evidence or explanation to carry its burden of proving its position was substantially justified as an admission ..."). Consequently, the Court must

find that the Commissioner's litigation position was not substantially justified.

Once it has been determined that a social security claimant is entitled to fees under the EAJA, the only remaining questions are the reasonableness of the hours expended and whether the hourly rate falls within the statutorily-authorized range. Plaintiff seeks $5,860.95 for 31.65 hours of attorney time, billed at the rate of $185.18 per hour and $656.00 for 8.2 hours of paralegal time billed at the hourly rate of $80.00 per hour.

As far as the hourly rate is concerned, the Court of Appeals, in Bryant v. Comm'r of Social Security, 578 F.3d 443, 350 (6th Cir. 2009), has said that "[i]n requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." This must be done through "satisfactory evidence ...." Id., quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). This Court has often required a prevailing social security plaintiff to submit such evidence, typically taking the form of an affidavit as to the attorney's usual billing rate, the prevailing rate in the community, and the increase in the cost of living index. See, e.g., Oblinger v. Astrue, 2012 WL 3224100 (S.D. Ohio Aug. 6, 2012).

Plaintiff has submitted documentation addressing these factors. The Court is satisfied that this documentation meets the "satisfactory evidence" requirement and that an award at the requested rates is appropriate. The hours billed are also reasonable and not contested by the Commissioner.

The fee application does not, however, address the rate at which the paralegal services are being billed. Paralegal services are compensable at market rates under the EAJA. Richland Security Service Co. v. Chertoff, 553 U.S. 571 (2008). However, there must be some evidence before the Court as to the

prevailing market rate. See, e.g., Hawk v. Astrue, 2013 WL 139799 (N.D. Ohio Jan. 10, 2013)(awarding paralegal fees at market rate based on a publication from the National Association of Legal Assistants). Without some type of evidence, any award for paralegal time would be based on mere speculation.

It is therefore recommended that Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act (EAJA) (Doc. 19) be granted and that Plaintiff be awarded the sum of $5,860.95 to be paid to counsel for Plaintiff unless there is an offsetting debt owed to the United States. It is further recommended that absent a supplemental motion for fees which provides evidence of the market rate for social security paralegals in this District, no award be made for such costs.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140

(1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

                                        <u>/s/ Terence P. Kemp</u>
                                        United States Magistrate Judge